IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| RUSSELL GRANDE, | ) ) | |
| Petitioner, | ) ) | Case No. CV 05-119-S-MHW |
| v. | ) ) | **MEMORANDUM DECISION** |
| JO ANNE B. BARNHART, Commissioner | ) ) | **and ORDER** |
| of Social Security Administration, | ) ) | |
| Respondent. | ) ) | |

Currently before the Court for its consideration is the Petitioner's request for judicial review (docket # 1) of the Respondent's denial of social security disability benefits, filed March 28, 2005. Petitioner brought this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g). The Court has reviewed the petition for review and the answer, the parties' memorandums, and the administrative record, and for the reasons that follow, the matter will be remand to the Commissioner of the Social Security Administration.

## I.
## Background.

**A.      Administrative Proceedings.**

Petitioner Russell Grande filed applications for social security disability benefits and supplemental security income on February 12, 2002. (AR 69.) He alleged disability since April 24, 2000. (AR 69.) The applications were denied initially on June 24, 2002 (AR 53-57), and upon reconsideration on September 24, 2002 (AR 46-51). After a timely request for a hearing was filed on October 10, 2002 (AR 45), Petitioner, represented by counselor Andrea Cardon, appeared and testified before Administrative Law Judge (ALJ) Robin L. Henrie on August 14, 2003. James J. Grissom testified as a vocational expert. (AR 387-431.) Petitioner's brother, Martin T. Grande, also testified. (AR 411-420.)

ALJ Henrie considered the testimony and all other evidence of record, and on January 30, 2004, issued a decision finding Petitioner not disabled within the meaning of the Act, and was therefore not entitled to disability insurance benefits or supplemental security income. (AR 16-32.) This became the final decision of the Commissioner when the Appeals Council declined to review the ALJ's decision on January 28, 2005. (AR 5-7.) 20 C.F.R. §§ 404.981, 416.1481 (1991). Petitioner has exhausted all administrative remedies and is therefore seeking judicial review pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**B.      Statement of Facts.**

At the time of the hearing in 2003, Petitioner was 37 years old, which is defined as a "younger individual." Petitioner has a high school education. In addition to most recently working as a utility worker, Petitioner has experience working in construction, as an auto

mechanic, carpenter, and meter reader.  (AR 85-92, 99.)  Petitioner alleged disability due to low

back pain from an injury, psychological disorder, and migraine headaches.

## II.
### Findings of the Administrative Law Judge.

In the decision issued following the hearing (AR 19-32), the ALJ made specific findings

as follows:

1.  The claimant met the disability insured status requirements of the
    Act on April 24, 2000, the date the claimant alleged an inability to
    work, and continues to meet them through September 30, 2007.

2.  The claimant has not engaged in substantial gainful activity since
    the alleged onset date of disability as noted above.

3.  The claimant alleges the severe impairment(s) noted above, which
    are incorporated herein by reference.

4.  The claimant does have severe impairment(s), which combine to
    significantly limit the ability to perform basic work-related
    activities as set forth in detail above.

5.  The exhibits and testimony do not establish that a listing is met or
    equaled in this case.

6.  The ALJ has determined the claimant's credibility regarding
    symptom testimony as set forth in detail above in the body of the
    decision.  Such credibility findings are incorporated herein by
    reference.  It is concluded that the claimant's impairments and
    symptoms do not preclude the occupations suggested by the
    vocational expert.

7.  The claimant suffers from severe impairments, which reduce the
    residual functional capacity to the performance of only a limited
    range of light unskilled work, as set forth in detail in the body of
    the decision.

8.  The claimant is unable to perform any past relevant work, for the
    reasons detailed above.

9.  The claimant is 37 years of age, which is defined as a "younger individual."

10.  The claimant has a high school education.

11.  Work skills are not at issue in this matter as noted in detail above.

12.  Considering these vocational factors and the claimant's residual functional capacity, Medical-Vocational Rules 202.21 and 202.22 provide the framework for a finding of "not disabled." Within this framework the claimant could perform a significant number of jobs in the national economy, in the various occupations cited by the vocational expert, as set forth in detail above.

13.  The claimant has not been under a "disability," as defined in the Social Security Act, at any time

(AR 30-31.)

### III.
### Standard of Review.

The Petitioner bears the burden of showing that disability benefits are proper because of

the inability "to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which . . . has lasted or can be expected to last for a

continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C.

§ 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be

determined to be disabled only if his physical or mental impairments are of such severity that he

is not only unable to do his previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which exists in the national

economy.  42 U.S.C.    § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security

Commissioner if the decision is supported by substantial evidence and is not the product of legal

error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); and *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v. Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood,* 487 U.S. 552, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims. 42 U.S.C. § 405(g); and *Flaten v. Secy of HHS,* 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. *Id.* It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

In reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled

role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678 (9th Cir. 1993).

The Social Security Commissioner has established a five-step evaluation process in order to determine whether a person is disabled for purposes of awarding disability benefits. 20 C.F.R. §§ 404.1520, 416.920 (1996); *Lester v. Chater*, 81 F.3d 821, 828 n. 5 (9th Cir. 1995); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). First, the Commissioner determines whether the claimant is engaged in substantial gainful activity. If the claimant is engaged in such activity, disability benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). The ALJ determined that the Petitioner was not involved in any substantial gainful activity. (AR 20.)

Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c), 404.1529(d)(1); and 416.929(d)(1). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied. The ALJ here took into account Petitioner's impairments of "back injury, back and neck pain, migraine headaches, black out and dizzy spells, difficulty concentrating, left hand numbness, and left elbow pain," and noted that, "[t]he medical evidence reflects that the claimant has been diagnosed with chronic back pain and affective disorder (Exhibits 1F-9F and 13F-19F)." (AR 20.) The ALJ concluded that "such impairments more than minimally limit claimant's ability to perform basic work activities and are thus severe" and accordingly "more than minimally limit the claimant's ability to perform basic work activities." (AR 20.)

If the impairment is severe, the Commissioner proceeds to the third step of the evaluation process to determine whether the claimant has an impairment which meets or equals those contained in the Listing of Impairments found in Appendix 1, Subpart P, Regulation No. 4. 20 C.F.R. §§ 404.1520(d); 416.920(e). Appendix 1 contains a list of impairments which would prevent a person from engaging in substantial gainful employment. If a claimant can show he or she is limited by such an impairment, disability is presumed. The ALJ here determined that the the medical evidence of record and the credible testimony at the hearing do not support finding that the claimant meets or equals a listing for medical or mental impairments.

If the impairment is not one that is presumed to be disabling, then the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past, i.e. whether the claimant has sufficient residual functional capacity to tolerate the demands of any past relevant work. If the claimant is able to perform past work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e), 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine whether the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. 20 C.F.R. §§ 404.1520(f), 416.920(f). In the instant case, the ALJ determined from the evidence that the Petitioner did not retain the residual functional capacity to perform any past relevant work, because it was all heavy work, but that he was not precluded by his physicians

from performing light work,  subject to the eleven exertional and non-exertional limitation the

ALJ found were supported by the evidence.

## IV.
### Issues Raised.

The primary issue before the Court is whether the final decision of the Commissioner is

supported by substantial evidence and whether it is based on proper legal standards. *Matney ex*

*rel. Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992).  Petitioner contends that the ALJ

erred in the following respects:

1) The ALJ did not give sufficient reasons for discrediting the testimony of Petitioner's brother, Martin T. Grande, a supporting witness.

2) The ALJ did not properly find that Petitioner's testimony was not credible.

3) The ALJ did not properly weigh the medical opinions.

4) The ALJ did not properly find that there are a significant number of jobs available in the national economy that the Petitioner can perform.

The Court finds that the first two issues are dispositive of the Petitioner's appeal and

will be discussed first.

**A.     ALJ's credibility assessments.**

The ALJ states that he did "not find the claimant's functional allegations, and

conclusions of total disability, to be reasonably consistent with the objective medical evidence,

when considered as a whole, as discussed in detail above." (AR 27.)  Further, the ALJ stated

that he was "discounting the claimant's subjective symptom complaints and their alleged

functional effect in determining such are not totally disabling, either singly or in combination."

**Memorandum Decision and Order - Page 8**

(AR 27.) Petitioner argues that the ALJ, in so stating, is rejecting the Petitioner's testimony and finding it to not be credible.

The ALJ did not specifically state or find that the Petitioner's testimony was not credible, rather that the ALJ did not find the claimant's functional allegations and conclusions of total disability to be reasonably consistent with the objective medical evidence and non-medical evidence. However the Court agrees with Petitioner that this is wording is much the same as finding that the Petitioner was less than credible.

A companion claim is that the ALJ did not comment at all on the credibility of the supporting witness, the Petitioner's brother. Martin T. Grande testified that his brother, the Petitioner, had always been a hard worker. In January of 2002, he helped move Petitioner from Seattle to Boise after receiving reports that he had been on suicide watch, was unable to handle his personal finances, and living in squalid living conditions. In conversations with the Petitioner, his brother testified that he was very slow to answer questions, if he did answer them. Further, the Petitioner could not sit for extended periods of time and had difficulty walking because his leg would give out on him. On one occasion, Petitioner broke a bone in his foot stepping off a curb and had recently fallen into a shed. His brother had observed that Petitioner had difficulty carrying more than about 5 pounds and has to change his position about every 15 minutes. His brother also testified that there was a concern that the Petitioner could become drug dependent.

There are two facets to the credibility assessments that the ALJ had to make in this case. In finding the Petitioner to be less than credible, the ALJ can consider all of the evidence in the record, including the testimony of supporting witnesses. Obviously a supporting witness can

bolster the testimony of a claimant, and therefore the credibility of the claimant, if the supporting witness's sworn testimony supports the claimant's testimony as to existence of pain or other exertional or non-exertional limitations. If the supporting witness is not credible, then that testimony would not have the effect of elevating the credibility of the claimant.

The Ninth Circuit has long recognized that testimony by a lay witness provides an important source of information about a claimant's impairments, and an ALJ can reject it only by giving specific reasons germane to each witness. *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir. 1996). In this case the ALJ gave no reasons for rejecting the testimony of the supporting witness. So the situation in this case is not even as strong as it was in a more recent case, where the ALJ did provide specific reasons for discounting a supporting witness's testimony; however, those reasons were not supported by substantial evidence in the record. *See Regennitter v. Commissioner,* 166 F.3d 1294, 1298 (9th Cir. 1999). *See also, Lewis v. Apfel,* 236 F.3d 503 (9th Cir. 2001) (the ALJ gave some arguably germane reasons for dismissing family members' testimony); *Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir. 2001) (the reasons given by the ALJ to find the claimant's husband not credible, were hardly credible)

In the cases cited above, at least the ALJ provide some reasons why he discredited the testimony of the supporting witness. In this case the Court is faced with none. The Commissioner argues that failure by the ALJ to set forth any reasons why he rejected the testimony of a supporting witness is "harmless" error. Of course the Commissioner cites to no case in the Ninth Circuit where the complete lack of evaluating in any fashion the testimony of a supporting witness was found to be "harmless" error. In fact, the cases cited above state that it is a legal requirement so that a reviewing court can have some guidance as to the thought process

of the ALJ.   Again, the credibility assessments by the ALJ of a supporting witness directly

relates to how the ALJ weighs the credibility of the claimant as one affects the other.

The Court will remand the credibility assessments by the ALJ as to both the Petitioner

and the supporting witness.  If the ALJ believes that the credibility of both should be diminished

for some reason, then the ALJ should be set forth the reasoning based on substantial evidence in

the record.  If the ALJ determines, after weighing the credibility of the supporting witness, that it

supports the testimony of the Petitioner, then the combined effect of the credibility of their

combined testimony may be sufficient for benefits to be awarded, when considered with all of

evidence in the record.  Of course, this is a decision left entirely to the Commissioner.

**B.      ALJ's reliance on vocational testimony.**

Because the matter is being remanded, the Court does not have to discuss the remaining

assertions of error.   However, the Court will comment on Petitioner's challenge to the ALJ's

reliance on the testimony of the vocational expert ("VE") since that question may arise on

remand.  The Court finds no legal error in the manner in the ALJ considered the testimony of the

VE.

The ALJ concluded that the Petitioner has "the residual functional capacity to perform

the full range of light work" subject to eleven restrictions, including "no standing or walking

more than 30-45 minutes at a time, nor more than 5-6 hours in an 8-hour workday; no sitting

more than 15-20 minutes at a time, nor more than 2-3 hours in an 8-hour workday; no sitting,

standing or walking more than 10-15 minutes at a time (the sit/stand option)... ."  (AR 28.)

Other restrictions were set forth by the ALJ that appear to be for the purpose of accommodating

the petitioner's mental impairment(s), such as little or no public contact.  (AR 28-29.)

**Memorandum Decision and Order - Page 11**

At the hearing, the vocational expert, James Grissom, testified that, with the restrictions given by the ALJ, the Petitioner could perform the following sedentary jobs: dowel inspector, cutter and paster, and addressor; as well as the following light, unskilled jobs: toll collector, parking lot attendant, and house sitter. Petitioner takes issue with the ALJ's finding that Petitioner could do certain sedentary jobs based on the testimony of the VE. The Petitioner does not address the light, unskilled jobs the VE said he could perform.

The Court has some difficulty understanding Petitioner's argument regarding the sedentary jobs. The Petitioner states that with his limitations the ability to do a full range of sedentary work would be eroded because he could not sit for more than 15-20 minutes at a time. Petitioner's correctly states that to perform a full range of sedentary work a individual must be able to it for approximately 6 hours in a 8 hour day. Petitioner then states the ALJ hypothetical did not provide for a full range of sedentary work because Petitioner could not sit for the time required to do that range of sedentary work.

As indicated, the Court does not understand Petitioner's point. First, the ALJ never found that Petitioner could do a "full" range of sedentary work or a "full" range of light work. The light work the ALJ found Petitioner could do was subject to eleven restrictions as mentioned above. The ALJ properly used the GRIDS as a guideline and since they did not adequately take into account all of the Petitioner's limitations, the VE had to be consulted to determine whether with these limitations, was there still some level of sedentary or light work in the national economy that the Petitioner could perform. *See Thomas v. Barnhart,* 278 F.3d 947 (9th Cir. 2002).

The ALJ included these limitations in his hypothetical to the VE. It was then up to the expert witness to determine with these limitations, out of the 200 sedentary occupations, approximately 1600 sedentary/light occupations, each represented by numerous jobs in the economy, if a hypothetical person with Petitioner's eleven restrictions could perform light or sedentary work. The ALJ even asked the VE about the erosion of the number of jobs with someone with Petitioner's limitations, and he stated that their would be no erosion in the occupations of dowel inspector, cutter paster, addressor or toll collector. The VE did acknowledge some erosion as to parking lot attendant by perhaps 30 % because of walking and as a house sitter due to weight lifting restrictions.

The VE provided his expertise by identifying jobs Petitioner could do after the ALJ determined his residual functional capacity. Erosion was considered under SSR 96-9p and still significant jobs were found to exist in the national economy. Petitioner's argument that because Petitioner cannot sit 6 hour per work day somehow eliminates consideration of type of sedentary work ignores what VE do day in and day out, identify jobs in the national economy that do not require that a claimant have the ability to do a "full range" of sedentary or light work. Petitioner's argument that the ALJ improperly posed the hypothetical question or improperly relied on the VE's opinion, is confusing at best and is without merit.

\ \ \

\ \ \

\ \ \

**Memorandum Decision and Order - Page 13**

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be REVERSED and that the matter be REMANDED for further proceedings consistent with this decision.  This shall be considered a "sentence six" remand.



DATED:  **September 30, 2006**

Honorable Mikel H. Williams
United States Magistrate Judge